UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10418DPW

FILED
IN CLERKS OFFICE
2005 APR -1  P 12: 39
U.S. DISTRICT COURT
DISTRICT OF MASS

RAYMOND RUSZALA,
    Plaintiff

v.

ATLANTIC LIGHTING, INC.,
    Defendant

## ANSWER OF DEFENDANT ATLANTICE LIGHTING, INC., AND JURY CLAIM

### (PARTIES)

1. The defendant does not possess knowledge or information sufficient to admit or deny the truth of the allegations contained herein.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

### (JURISDICTION)

3. Defendant denies each and every allegation contained in paragraph 3 of plaintiff's Complaint and the defendant calls for strict proof of each and every allegation stated therein.

### COUNT I – (NEGLIGENCE V. ATLANTIC)

4. Defendants repeat and reallege their responses set forth in paragraphs one through three above, as if fully set forth herein.

5. Defendant denies each and every allegation contained in paragraph 5of plaintiff's Complaint and the defendant calls for strict proof of each and every allegation stated therein.

6. Defendant denies each and every allegation contained in paragraph 6of plaintiff's Complaint and the defendant calls for strict proof of each and every allegation stated therein.

7. Defendant denies each and every allegation contained in paragraph 7of plaintiff's Complaint and the defendant calls for strict proof of each and every allegation stated therein.

8. Defendant denies each and every allegation contained in paragraph 8 of plaintiff's Complaint and the defendant calls for strict proof of each and every allegation stated therein.

9. Defendant denies each and every allegation contained in paragraph 9 of plaintiff's Complaint and the defendant calls for strict proof of each and every allegation stated therein.

10. Defendant denies each and every allegation contained in paragraph 10 of plaintiff's Complaint and the defendant calls for strict proof of each and every allegation stated therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

And further answering, the defendant says that the injuries and damages alleged were caused in whole or in part by the plaintiff's own negligence which was greater than any negligence of the defendant.

### Second Affirmative Defense

And further answering, the defendant says that this action was not commenced within the time required by the laws and provided therefor.

### Third Affirmative Defense

And further answering, the defendant says that the plaintiff has failed to set forth a cause of action against this defendant.

### Fourth Affirmative Defense

And further answering, the defendant says that the plaintiff was not in the exercise of due care, but rather the negligence of the plaintiff contributed to cause the injury or damage complained of. Wherefore, the recovery of the plaintiff is barred in whole or in part, or is subject to diminution.

### Fifth Affirmative Defense

And further answering, the defendant says that if the plaintiff sustained damages, as alleged in the complaint, they were caused by acts of a third person, which acts the defendant had no reason to anticipate and of which person the defendant had no knowledge and for whose conduct the defendant is not legally responsible.

### Sixth Affirmative Defense

And further answering, the defendant says that the complaint of the plaintiff fails to state a claim against the defendant upon which relief can be granted.

### Seventh Affirmative Defense

And further answering, the defendant says that the plaintiff has failed to secure proper and sufficient service of process.

### Eighth Affirmative Defense

And further answering, the defendant says that the plaintiff's recovery, if any, is barred or diminished by his failure to mitigate any damages he alleged to have suffered.

**THE DEFENDANT, ATLANTIC LIGHTING, INC., DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

ATLANTIC LIGHTING, INC.,

By its Attorney,

Dwight D. Valentine
BBO 507200
Law Office of Thomas M. Niarchos
50 Staniford Street
8th Floor
Boston, MA 02114
(617) 523-2407

Date: March 31, 2005
Boston, Massachusetts

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon the attorney of record for each party by mail.
Date March 31, 2005