UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAYMOND RUSZALA

       Plaintiff,

v.

ATLANTIC LIGHTING, INC.

       Defendant.

Civil Action No. 03-10418-DPW

## JOINT STATEMENT OF THE PARTIES
## FOR
## STATUS CONFERENCE

The parties hereby submit the following joint statement pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1.

    I.    **Initial Factual Statement**

        This is tort action arising out of an incident that occurred on June 11, 2002 at premises occupied by the defendant, Atlantic Lighting, Inc. in Fall River, Massachusetts. The plaintiff contends that a loading dock was in a dangerous and defective condition, causing him to fall and suffer a severe facture of the left oscalsis, or heel bone, of his left foot. The fracture has gone on to non-union and the plaintiff has undergone a series of surgeries in an effort to correct this condition. To date he remains under treatment and is not at a medical end result. He is a 58 year old unmarried blue collar worker who, until his injury, worked as a delivery truck driver for many years. He has not returned to work since the date of the incident.

        The defendant denies that it was negligent, contends that the alleged accident resulted from the plaintiff's own negligence and also contends that any defective condition was not its responsibility, but that of the landlord.

II. **Agenda of Matters to be Discussed at Pretrial Conference**

    a.    Case Complexity

The parties have conferred and agree this is a matter within the parameters of Local Rule 16(E)(4) in that it should involve relatively little discovery, ordinarily require little or no judicial intervention and generally falls into identifiable and easily managed patterns.

    b.    Trial Before a Magistrate

The parties have agreed to trial before a magistrate and have filed herewith the forms consenting to trial before a magistrate

    c.    Additional Parties

The defendant believes that the landowner is responsible for the alleged defective condition, if in fact there was one, and will provide to the plaintiff information regarding the identity and location of the landlord by voluntary disclosure. The plaintiff intends, with permission of the court and in accordance with the scheduling order, to file and serve an amended complaint adding the landlord as a party defendant.

    d.    Admissions of Fact and Stipulations Regarding Documents

The parties have agreed to stipulate to the authenticity and admissibility of the plaintiff's medical records as produced by the plaintiff's various out-o-state health care providers with redactions as appropriate concerning non-medical hearsay entries. The parties have also agree to enter into stipulations of fact as to as many non-contested factual issues as possible after the close of discovery and prior to trial.

    e.    Expert Witnesses and Rule 702

The parties agree that if either party discloses an expert on the issues of liability or damages, other than a treating physician, the opposing party may conduct the deposition of such an expert in accordance with the applicable rules and at that party's expense. Each party agrees to limit expert testimony to one expert on the

issue of liability and two experts on the issue of damages. Specifically, the parties agree that each may designate a medical expert regarding the nature and extent of the plaintiff's injuries and a vocational expert regarding the plaintiff's ability to engage in gainful employment.

f.  Mediation

Upon the completion of discovery in accordance with this court's scheduling order, and if the matter has not already been resolved by settlement, the parties agree to confer in good faith with each other for the purpose of determining if the matter can be settled between the parties. If the matter cannot be resolved by negotiation between or among the parties, the parties will consider submitting the case to mediation before a qualified neutral.

g.  Video Depositions of Out-of-State Treating Physicians

In the event the matter cannot be settled prior to trial, the plaintiff will, with the court's permission, conduct the audio-visual deposition of the plaintiff's treating physicians in lieu of their appearance at trial. The physicians reside in Connecticut and their appearance live at trial would cause the plaintiff to incur substantial additional costs. The defendant does not oppose this process.

h.  Length of Trial

The parties anticipate that the trial of this matter will last no longer than 3 full days.

i.  Scheduling Order

The parties submit herewith their agreed scheduling order in accordance with Local Rule 16.1 (D)

### III.   *Joint Discovery Plan*

In accordance with the provisions of Fed. R. Civ. P. 16 and 26(b) and Local Rules 16.1 and 26.2, the parties submit the following proposed scheduling order:

July 28, 2005:
> Present parties to complete automatic disclosures as required by Local Rule 26.2 and Fed. R. Civ. 26(f).

July 28, 2005
> Amended Complaint adding landlord defendant to be filed and delivered to deputy sheriff for service.

August 28, 2005
> Answer of new defendant to be filed.

September 14, 2005
> All parties to complete automatic disclosures as required by Local Rule 26.2 and Fed. R. Civ. 26(f).

September 28, 2005:
> All written discovery to be served on all parties.

December 1, 2005
> All depositions of fact witnesses to be completed.

January 16, 2006
> Defendants to have completed any medical or vocational examinations of the plaintiff.

February 15, 2006
> All parties to have designated expert witnesses by written supplementation in accordance with Fed. R. Civ. P. 26 and, if not previously produced, shall produce as part of the supplementation all written reports prepared by experts.

March 30, 2006
> All expert depositions to have been completed.

April 14, 2006

All parties shall have conferred regarding settlement. If settlement is not achieved, the parties may agree upon a mediator and schedule a date for mediation no later than April 29, 2006.

May 12, 2006

If the case is not settled, the parties shall file a Joint Status Report with the Magistrate Judge setting forth the following information:

a. All agreed upon facts;
b. All facts that remain in dispute in good faith between the parties;
c. The name of the mediator and the date and time when the mediation took place or the reason why the parties were unable to agree upon mediation; and
d. A statement of any unusual legal issues that may have arisen in the case.

At this point, the Magistrate Judge may issue such orders and schedule such additional conferences as he or she deems necessary or, alternatively, schedule the matter for trial.

| The Plaintiff | The Defendant |
|---|---|
| Raymond Ruszala | Atlantic Lighting, Inc. |
| By his attorneys | By its attorneys |
| | |
| /s/ Thomas J. Lynch | /s/ Dwight D. Valentine by TJL |
| Thomas J. Lynch | Dwight D. Valentine |
| BBO# 309230 | BBO# 507200 |
| Lynch Associates, P.C. | Law Offices of Thomas Niarchos |
| 50 Congress Street | 100 Summer Street |
| Boston, MA 02109 | Boston, MA 02114 |
| Telephone: 617-367-1110 | Telephone: 617-772-2800 |
| Facsimile: 617-720-7867 | Facsimile: 617-772-2828 |
| Email: tlynch1956@yahoo.com | dvalent1@stpaultravelers.com |