UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND RUSZALA<br><br>　　　　Plaintiff,<br><br>v.<br><br>ATLANTIC LIGHTING, INC.,<br>ASHWORTH CARD CLOTHING, INC.<br>AND STAR METAL FINISHING, INC.<br><br>　　　　Defendants. | Civil Action No. ~~03~~-10418-LTS<br><br>05-10418-LTS |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### PARTIES

1.  The plaintiff, Raymond Ruszala, is a resident of 34 Pearl Street, Norwich, Connecticut.

2.  The defendant, Atlantic Lighting, Inc. ("Atlantic") is a Massachusetts corporation with a usual place of business located at 89 Globe Mills Avenue, Bristol County, Fall River, Massachusetts.

3.  The defendant, Ashworth Card Clothing, Inc. ("Ashworth") is a Massachusetts corporation with a usual place of business located at 89 Globe Mills Avenue, Bristol County, Fall River, Massachusetts.

4.  The defendant, Star Metal Finishing, Inc., ("Star Metal") is a Massachusetts corporation with a usual place of business located at 89

Globe Mills Avenue, Bristol County, Fall River, Massachusetts.

## JURISDICTION

5. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1444 in that the plaintiff is a resident of the State of Connecticut and the defendant Atlantic is a corporation organized under the laws of the State of Massachusetts with a principal place of business located at 89 Globe Mills Avenue, Fall River, Massachusetts within the Eastern District of the District of Massachusetts and the amount in controversy exceeds $75,000.00.

## COUNT ONE
### (Negligence vs. Atlantic)

6. The plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 5 as if fully restated herein.

7. On or about June 11, 2002, the defendant Ashworth was the owner and/or landlord and/or in custody and control of the premises located at 89 Globe Mills Avenue, Fall River, MA.

8. On or about June 11, 2002, the plaintiff, Raymond Ruszala, while acting in the scope of his employment attempted to make a delivery to the premises of Atlantic in Fall River.

9. At all relevant times on or about June 11, 2002, the plaintiff, Raymond

Ruszala was lawfully on the premises of Ashworth and exercised reasonable and prudent care while attempting to make a delivery at the premises of Atlantic in Fall River.

10. On or about June 11, 2002, the defendant Ashworth failed to use ordinary and reasonable care in the layout, design, upkeep and maintenance of the premises located at 89 Globe Mills Avenue, Bristol County, Massachusetts.

11. On or about June 11, 2002, the plaintiff, Raymond Ruszala, while in the exercise of reasonable care, suffered severe and permanently disabling injuries as a direct and proximate result of the failure of the defendant Ashworth to use ordinary and reasonable care in the layout, design, upkeep and maintenance of the premises located at 89 Globe Mills Avenue, Bristol County, Massachusetts.

12. As a direct and proximate result of the failure of the defendant Atlantic to exercise reasonable care in the layout, design and maintenance of the premises located at 89 Globe Mills Avenue, Bristol County, Massachusetts, the plaintiff, Raymond Ruszala suffered severe and permanently disabling injuries, has suffered and continues to suffer great pain of mind and body; has suffered and continues to suffer loss of physical function, has suffered and has suffered and continues to suffer great damage to the quality and enjoyment of his life, all to his continuing great loss.

## COUNT TWO
### (Negligence vs. Ashworth)

13. The plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 12 as if fully restated herein.

14. On or about June 11, 2002, the plaintiff, Raymond Ruszala, while acting in the scope of his employment attempted to make a delivery to the premises of Atlantic in Fall River.

15. At all relevant times on or about June 11, 2002, the plaintiff, Raymond Ruszala was lawfully on the premises of Ashworth and exercised reasonable and prudent care while attempting to make a delivery at the premises of Ashworth in Fall River.

16. On or about June 11, 2002, the defendant Ashworth failed to use ordinary and reasonable care in the layout, design and maintenance of the premises located at 89 Globe Mills Avenue, Bristol County, Massachusetts.

17. On or about June 11, 2002, the plaintiff, Raymond Ruszala, while in the exercise of reasonable care, suffered severe and permanently disabling injuries as a direct and proximate result of the failure of the defendant Ashworth to use ordinary and reasonable care in the layout, design and maintenance of the premises located at 89 Globe Mills Avenue, Bristol County, Massachusetts.

18. As a direct and proximate result of the failure of the defendant Ashworth to exercise reasonable care in the layout, design and maintenance of the

premises located at 89 Globe Mills Avenue, Bristol County, Massachusetts, the plaintiff, Raymond Ruszala suffered severe and permanently disabling injuries, has suffered and continues to suffer great pain of mind and body; has suffered and continues to suffer loss of physical function, has suffered and has suffered and continues to suffer great damage to the quality and enjoyment of his life, all to his continuing great loss.

### COUNT THREE
### (Negligence vs. Star Metal)

19. The plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 18 as if fully restated herein.

20. On or about June 11, 2002, the plaintiff, Raymond Ruszala, while acting in the scope of his employment attempted to make a delivery to the premises of Star Metal in Fall River.

21. At all relevant times on or about June 11, 2002, the plaintiff, Raymond Ruszala was lawfully on the premises of Star Metal and exercised reasonable and prudent care while attempting to make a delivery at the premises of Star Metal in Fall River.

22. On or about June 11, 2002, the defendant Star Metal failed to use ordinary and reasonable care in the layout, design and maintenance of the premises located at 89 Globe Mills Avenue, Bristol County, Massachusetts.

23. On or about June 11, 2002, the plaintiff, Raymond Ruszala, while in the exercise of reasonable care, suffered severe and permanently disabling

      injuries as a direct and proximate result of the failure of the defendant Star Metal to use ordinary and reasonable care in the layout, design and maintenance of the premises located at 89 Globe Mills Avenue, Bristol County, Massachusetts.

24. As a direct and proximate result of the failure of the defendant Star Metal to exercise reasonable care in the layout, design and maintenance of the premises located at 89 Globe Mills Avenue, Bristol County, Massachusetts, the plaintiff, Raymond Ruszala suffered severe and permanently disabling injuries, has suffered and continues to suffer great pain of mind and body; has suffered and continues to suffer loss of physical function, has suffered and has suffered and continues to suffer great damage to the quality and enjoyment of his life, all to his continuing great loss.

**WHEREFORE**, the plaintiff, Raymond Ruszala demands that the Court enter judgment in his favor as follows:

    A. As to Count One, judgment against the defendant Atlantic in an amount to be determined by a jury, including costs, expenses and interest;

    B. As to Count Two, judgment against the defendant Ashworth in an amount to be determined by a jury, including costs, expenses and interest;

    C. As to Count Three, judgment against the defendant Star Metal in an amount to be determined by a jury, including costs, expenses and interest;

    D. As each defendant, an order that they are jointly and severally liable for

the total amount of damages awarded, together with costs and interest thereon; and

E. Such other relief this Court deems just and appropriate.

## THE PLAINTIFF DEMANDS TRIAL BY JURY

The Plaintiff,
Raymond Ruszala,
By His Attorneys

_____
Thomas J. Lynch
BBO # 309230
Lynch Associates, P.C.
50 Congress Street
Suite 745
Boston, MA 02109
Telephone: 617-367-1110
Facsimile: 617-720-7867

## CERTIFICATE OF SERVICE

I, Thomas J. Lynch, attorney for the Plaintiff, Raymond Ruszala, hereby certify that on Wednesday, July 20, 2005, I served the:

First Amended Complaint and Jury Demand

on all Counsel of Record in this matter by First Class Mail, Postage Pre-Paid.

DATED: July 20, 2005

_____
Thomas J. Lynch