UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND RUSZALA, <br><br> Plaintiff, <br><br> v. <br><br> ATLANTIC LIGHTING, INC., ASHWORTH CARD CLOTHING, INC., and STAR METAL FINISHING, INC. <br><br> Defendants. | Civil Action No. 05-10418-LTS |

## ANSWER OF DEFENDANT ASHWORTH CARD CLOTHING, INC.

ECC Card Clothing, Inc., formerly known as Ashworth Card Clothing, Inc. ("Ashworth") hereby answers each numbered paragraph of Plaintiff's First Amended Complaint and Jury Demand (the "Complaint") as follows:

### PARTIES

1. Ashworth is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2. Ashworth is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3. Ashworth denies the allegations contained in Paragraph 3 of the Complaint. Answering further, Ashworth states it is a Delaware corporation with a principal place of business at Simpsonville, South Carolina.

4. Ashworth is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

## JURISDICTION

5.     The allegations in Paragraph 5 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

## COUNT I

6.     Ashworth repeats and incorporates herein by reference its responses to the allegations contained in Paragraphs 1-5 of the Complaint as if realleged herein.

7.     Ashworth admits that it owned the premises located at 89 Globe Mills Avenue, Fall River, MA as of June 11, 2002. The remaining allegations in Paragraph 7 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth denies these allegations.

8.     The allegations in Paragraph 8 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.     The allegations in Paragraph 9 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth denies the allegations set forth in Paragraph 9 of the Complaint.

10.    The allegations in Paragraph 10 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth denies the allegations set forth in Paragraph 10 of the Complaint.

-3-

11. The allegations in Paragraph 11 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth denies the allegations set forth in Paragraph 11 of the Complaint.

12. The allegations in Paragraph 12 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

## COUNT II

13. Ashworth repeats and incorporates herein by reference its responses to the allegations contained in Paragraphs 1-12 of the Complaint as if realleged herein.

14. The allegations in Paragraph 14 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15. The allegations in Paragraph 15 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth denies the allegations set forth in Paragraph 15 of the Complaint.

16. The allegations in Paragraph 16 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth denies the allegations set forth in Paragraph 16 of the Complaint.

17. The allegations in Paragraph 17 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth denies the allegations set forth in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth denies the allegations set forth in Paragraph 18 of the Complaint.

## COUNT III

19. Ashworth repeats and incorporates herein by reference its responses to the allegations contained in Paragraphs 1-18 of the Complaint as if realleged herein.

20. The allegations in Paragraph 20 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. The allegations in Paragraph 21 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth denies the allegations set forth in Paragraph 21 of the Complaint.

22. The allegations in Paragraph 22 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23. The allegations in Paragraph 23 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Ashworth is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required,

Ashworth is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's comparative negligence.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's injuries were caused solely by the acts of third persons for whose conduct Ashworth is not legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by the doctrines of laches, estoppel, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Ashworth reserves all defenses that may exist but cannot now be determined because of the generality of the allegations in the Complaint.

Respectfully submitted,

ASHWORTH CARD CLOTHING, INC.

By its attorneys,

/s/ Timothy J. Casey_____
Matthew M. Burke (BBO No. 557281)
Timothy J. Casey (BBO No. 650913)
Ropes & Gray LLP
One International Place
Boston, MA  02110-2624
(617) 951-7000

Dated: September 12, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following counsel of record by regular mail on September 12, 2005:

| | |
|---|---|
| Thomas J. Lynch, Esq. | Dwight D. Valentine, Esq. |
| Lynch Associates LLC | Niarchos, Sullivan, Valentine & Malay |
| 50 Congress Street, Suite 745 | 50 Staniford Street, 8th Floor |
| Boston, MA  02109 | Boston, MA  02114 |

/s/ Timothy J. Casey_____
Timothy J. Casey