UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10418DPW

> RAYMOND RUSZALA,
>     Plaintiff
>
> v.
>
> ATLANTIC LIGHTING, INC.,
> ASHWORTH CARD CLOTHING ,INC.
> And STAR METAL FINISHING, INC.

### ANSWER OF DEFENDANT, ATLANTIC LIGHTING, INC., TO PLAINTIFF'S AMENDED COMPLAINT, WITH JURY CLAIM

#### (PARTIES)

1. The defendant does not possess knowledge or information sufficient to admit or deny the truth of the allegations contained herein.

2. The defendant admits the allegations contained in paragraph 2 of the Amended Complaint.

3. The defendant does not possess knowledge or information sufficient to admit or deny the truth of the allegations contained herein.

4. The defendant does not possess knowledge or information sufficient to admit or deny the truth of the allegations contained herein.

#### (JURISDICTION)

5. Defendant denies each and every allegation contained in paragraph 5 of plaintiff's Amended Complaint and the defendant calls for strict proof of each and every allegation stated therein.

#### COUNT I (NEGLIGENCE V. ATLANTIC)

6. Defendant repeats and realleges its responses set forth in paragraphs one through six above, as if fully set forth herein.

7. Paragraph 7 of plaintiff's Amended Complaint does not make any allegations concerning or referring to any acts or omissions on the part of the defendant, Atlantic Lighting, Inc., and so does not require any response. However, to the

      extent said paragraph may be deemed to make any allegations concerning or referring to any acts or omissions on the part of the defendant, defendant denies each and every such allegation.

8. Defendant denies each and every allegation contained in paragraph 8 of plaintiff's Amended Complaint and the defendant calls for strict proof of each and every allegation stated therein.

9. Defendant denies each and every allegation contained in paragraph 9 of plaintiff's Amended Complaint and the defendant calls for strict proof of each and every allegation stated therein.

10. Paragraph 10 of plaintiff's Amended Complaint does not make any allegations concerning or referring to any acts or omissions on the part of the defendant, Atlantic Lighting, Inc., and so does not require any response. However, to the extent said paragraph may be deemed to make any allegations concerning or referring to any acts or omissions on the part of the defendant, defendant denies each and every such allegation.

11. Paragraph 11 of plaintiff's Amended Complaint does not make any allegations concerning or referring to any acts or omissions on the part of the defendant, Atlantic Lighting, Inc., and so does not require any response. However, to the extent said paragraph may be deemed to make any allegations concerning or referring to any acts or omissions on the part of the defendant, defendant denies each and every such allegation.

12. Defendant denies each and every allegation contained in paragraph 12 of plaintiff's Amended Complaint and the defendant calls for strict proof of each and every allegation stated therein.

## COUNT II (NEGLIGENCE V. ASHWORTH)

13. Defendant repeats and realleges its responses set forth in paragraphs one through twelve above, as if fully set forth herein.

14. Paragraph 14 of plaintiff's Amended Complaint does not make any allegations concerning or referring to any acts or omissions on the part of the defendant, Atlantic Lighting, Inc., and so does not require any response. However, to the extent said paragraph may be deemed to make any allegations concerning or referring to any acts or omissions on the part of the defendant, defendant denies each and every such allegation.

15. Paragraph 15 of plaintiff's Amended Complaint does not make any allegations concerning or referring to any acts or omissions on the part of the defendant, Atlantic Lighting, Inc., and so does not require any response. However, to the extent said paragraph may be deemed to make any allegations concerning or

    referring to any acts or omissions on the part of the defendant, defendant denies each and every such allegation.

16. Paragraph 16 of plaintiff's Amended Complaint does not make any allegations concerning or referring to any acts or omissions on the part of the defendant, Atlantic Lighting, Inc., and so does not require any response. However, to the extent said paragraph may be deemed to make any allegations concerning or referring to any acts or omissions on the part of the defendant, defendant denies each and every such allegation.

17. Paragraph 17 of plaintiff's Amended Complaint does not make any allegations concerning or referring to any acts or omissions on the part of the defendant, Atlantic Lighting, Inc., and so does not require any response. However, to the extent said paragraph may be deemed to make any allegations concerning or referring to any acts or omissions on the part of the defendant, defendant denies each and every such allegation.

18. Paragraph 18 of plaintiff's Amended Complaint does not make any allegations concerning or referring to any acts or omissions on the part of the defendant, Atlantic Lighting, Inc., and so does not require any response. However, to the extent said paragraph may be deemed to make any allegations concerning or referring to any acts or omissions on the part of the defendant, defendant denies each and every such allegation.

## COUNT THREE (NEGLIGENCE V. STAR METAL)

19. Defendant repeats and realleges its responses set forth in paragraphs one through eighteen above, as if fully set forth herein.

20. Paragraph 20 of plaintiff's Amended Complaint does not make any allegations concerning or referring to any acts or omissions on the part of the defendant, Atlantic Lighting, Inc., and so does not require any response. However, to the extent said paragraph may be deemed to make any allegations concerning or referring to any acts or omissions on the part of the defendant, defendant denies each and every such allegation.

21. Paragraph 21 of plaintiff's Amended Complaint does not make any allegations concerning or referring to any acts or omissions on the part of the defendant, Atlantic Lighting, Inc., and so does not require any response. However, to the extent said paragraph may be deemed to make any allegations concerning or referring to any acts or omissions on the part of the defendant, defendant denies each and every such allegation.

22. Paragraph 22 of plaintiff's Amended Complaint does not make any allegations concerning or referring to any acts or omissions on the part of the defendant, Atlantic Lighting, Inc., and so does not require any response. However, to the

        extent said paragraph may be deemed to make any allegations concerning or referring to any acts or omissions on the part of the defendant, defendant denies each and every such allegation.

23.      Paragraph 23 of plaintiff's Amended Complaint does not make any allegations concerning or referring to any acts or omissions on the part of the defendant, Atlantic Lighting, Inc., and so does not require any response. However, to the extent said paragraph may be deemed to make any allegations concerning or referring to any acts or omissions on the part of the defendant, defendant denies each and every such allegation.

24.      Paragraph 24 of plaintiff's Amended Complaint does not make any allegations concerning or referring to any acts or omissions on the part of the defendant, Atlantic Lighting, Inc., and so does not require any response. However, to the extent said paragraph may be deemed to make any allegations concerning or referring to any acts or omissions on the part of the defendant, defendant denies each and every such allegation.

WHEREFORE, DEFENDANT Atlantic Lighting, Inc. respectfully requests that this Court enter judgment in its favor dismissing with prejudice plaintiff's Amended Complaint and awarding defendant costs and attorney's fees and whatever other and further relief this court may deem just.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

And further answering, the defendant says that the injuries and damages alleged were caused in whole or in part by the plaintiff's own negligence which was greater than any negligence of the defendant.

### Second Affirmative Defense

And further answering, the defendant says that this action was not commenced within the time required by the laws and provided therefor.

### Third Affirmative Defense

And further answering, the defendant says that the plaintiff has failed to set forth a cause of action against this defendant.

### Fourth Affirmative Defense

And further answering, the defendant says that the plaintiff was not in the exercise of due care, but rather the negligence of the plaintiff contributed to cause the injury or damage complained of. Wherefore, the recovery of the plaintiff is barred in whole or in part, or is subject to diminution.

### Fifth Affirmative Defense

And further answering, the defendant says that if the plaintiff sustained damages, as alleged in the complaint, they were caused by acts of a third person, which acts the defendant had no reason to anticipate and of which person the defendant had no knowledge and for whose conduct the defendant is not legally responsible.

### Sixth Affirmative Defense

And further answering, the defendant says that the complaint of the plaintiff fails to state a claim against the defendant upon which relief can be granted.

### Seventh Affirmative Defense

And further answering, the defendant says that the plaintiff has failed to secure proper and sufficient service of process.

### Eighth Affirmative Defense

And further answering, the defendant says that the plaintiff's recovery, if any, is barred or diminished by his failure to mitigate any damages he is alleged to have suffered.

**THE DEFENDANT, ATLANTIC LIGHTING, INC., DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

ATLANTIC LIGHTING, INC.,
By its Attorney,

_____
Dwight D. Valentine, BBO # 507200
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA 02110

Date: October 5, 2005
Boston, Massachusetts

## CERTIFICATE OF SERVICE

I, Dwight D. Valentine, attorney for the defendant, hereby certify that on this 6th day o October, 2005, I served the within Answer of Defendant, Star Metal Finishing, Inc., to Plaintiff' Amended Complaint, with Jury Claim by mailing the same, postage prepaid, to counsel of record:

Thomas J. Lynch, Esq.
Lynch Associates
50 Congress Street, Suite 745
Boston, MA  02109

Ropes & Gray
Timothy Casey, Esq.
One International Place
Boston, MA  02110-2624

_____
Dwight D. Valentine