UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND RUSZALA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ATLANTIC LIGHTING, INC., ) <br> ASHWORTH CARD CLOTHING, INC., ) <br> and STAR METAL FINISHING, INC. ) <br> ) <br> Defendants. ) | Civil Action No. 05-10418-LTS |

## JOINT MOTION TO AMEND SCHEDULING ORDER

Plaintiff Raymond Ruszala ("Plaintiff") and Defendants Atlantic Lighting, Inc. ("Atlantic"), Ashworth Card Clothing, Inc. ("Ashworth"),[1] and Star Metal Finishing, Inc. ("Star Metal") (collectively "Defendants") jointly submit this motion to amend the Scheduling Order (the "Order")[2] entered by Judge Douglas P. Woodlock on July 14, 2005 in the above-captioned matter to enlarge the time for the parties to complete fact discovery, expert discovery, and any medical or vocational examinations of the Plaintiff, as follows:

    1.    Fact discovery, currently scheduled to be completed by December 1, 2005 (Order ¶ 4), would be extended 120 days, until March 31, 2006;

---

[1] Ashworth is now known as Bekaert Carding Solutions, Inc.

[2] The Order is attached as Exhibit A to the Affidavit of Timothy J. Casey, submitted in support of this Joint Motion.

2.      Medical or vocational examinations of the Plaintiff, currently scheduled to be completed by January 15, 2006 (Order ¶ 5), would be extended 120 days, until May 15, 2006;

3.      Expert disclosures, currently scheduled to be completed by February 15, 2006 (Order ¶ 3), would be extended 120 days, until June 14, 2006; and

4.      Expert depositions, currently scheduled to be completed by March 30, 2006 (Order ¶ 3), would be extended 120 days, until July 28, 2006.

In support of the Joint Motion, the parties, through counsel, state the following:

1.      The original Complaint in the above-captioned matter named only Atlantic as a Defendant. The Order permitted Plaintiff to amend his Complaint to add additional Defendants by July 28, 2005. (Order ¶ 1.)

2.      Plaintiff filed a First Amended Complaint on July 22, 2005, which added Ashworth and Star Metal as Defendants.

3.      Ashworth and Star Metal answered the Amended Complaint on September 12, 2005 and October 7, 2005, respectively. Atlantic also answered the Amended Complaint on October 7, 2005.

4.      Since the Defendants answered the Amended Complaint, the parties have proceeded with active discovery, including the exchange of initial disclosures, production of certain documents, answers to interrogatories, and the deposition of Plaintiff.

5.      Additional discovery remains to be taken, however. By way of example, Plaintiff, through counsel, stated in his Initial Disclosure Statement that he was unable to

calculate his damages and make a demand for settlement for several reasons, including the following:

    I.    Despite diligent efforts, the plaintiff has not yet received all medical bills from St. Anne's Hospital and William H. Backus Hospital;
    II.    The plaintiff has not yet reached a medical end result with respect to his injuries;
    III.    The plaintiff has not yet been examined by a vocational specialist to determine the extent of his loss or earning capacity; and
    IV.    The plaintiff has not yet been examined by treating orthopedic surgeon to determine the extent of his permanent loss of function.

Initial Disclosure Statement of Plaintiff Raymond Ruszala ¶ C.[3]

6. In addition to the outstanding discovery referenced in Plaintiff's Initial Disclosure Statement, the parties expect that additional fact discovery will be necessary, including, but not limited to, the depositions of each of the Defendants under Fed. R. Civ. P. 30(b)(6), discovery of any medical treatment records not provided by Plaintiff, which must be obtained directly from Plaintiff's health care providers, the deposition of Plaintiff's treating physician and possibly other persons who have provided medical care for Plaintiff, and discovery of any employment records remaining from Plaintiff's employment with Moscowitz Motor Transport, a defunct entity.

7. In light of the substantial discovery that remains to be taken, and in light of the fact that two of the Defendants in the above-captioned matter have only been parties to the suit since July 22, 2005, the parties believe that an extension by 120 days of all of the applicable discovery deadlines established by the Order would greatly facilitate a full and thorough examination of the facts of the case, without significantly delaying

---

[3] The Initial Disclosure Statement of Plaintiff Raymond Ruszala is attached as Exhibit B to the Affidavit of Timothy J. Casey, submitted in support of this Joint Motion.

resolution of the case. Indeed, additional time to take further discovery may help facilitate a resolution of the case short of trial.

WHEREFORE, the parties respectfully request that this Court amend the Scheduling Order entered by Judge Woodlock on July 14, 2005, to enlarge the deadline to complete fact discovery by 120 days, until March 31, 2006, to enlarge the deadline to complete medical and vocational examinations of Plaintiff by 120 days, until May 15, 2006, to enlarge the deadline to complete expert disclosures by 120 days, until June 14, 2006, and to enlarge the deadline to complete expert depositions by 120 days, until July 28, 2006.

Respectfully submitted,

RAYMOND RUSZALA

By his attorney,

/s/ Thomas J. Lynch\
Thomas J. Lynch (BBO No. 309230)\
Lynch Associates, P.C.\
50 Congress Street, Suite 745\
Boston, MA  02109\
(617) 367-1110

ATLANTIC LIGHTING, INC.\
STAR METAL FINISHING, INC.

By their attorney,

/s/ Dwight D. Valentine\
Dwight D. Valentine (BBO No. 507200)\
Law Offices of Thomas Niarchos\
100 Summer Street, Suite 201\
Boston, MA  02110\
(617) 772-2800

ASHWORTH CARD CLOTHING, INC.

By its attorneys,

/s/ Timothy J. Casey_____
Matthew M. Burke (BBO No. 557281)
Timothy J. Casey (BBO No. 650913)
Ropes & Gray LLP
One International Place
Boston, MA  02110-2624
(617) 951-7000

Dated: November 21, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to District Court Local Rule 7.1(A)(2), I certify that counsel for each of the parties to this litigation have conferred with respect to this motion, and have agreed to file the motion jointly.

/s/ Timothy J. Casey\_\_\_\_\_
Timothy J. Casey
