UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAYMOND RUSZALA<br><br>   Plaintiff,<br><br> v.<br><br>ATLANTIC LIGHTING, INC.,<br>ASHWORTH CARD CLOTHING, INC.,<br>and STAR METAL FINISHING, INC.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-10418-LTS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF TIMOTHY J. CASEY IN SUPPORT OF
JOINT MOTION TO AMEND SCHEDULING ORDER**

I, Timothy J. Casey, hereby affirm as follows:

1. I am an attorney at the law firm of Ropes & Gray LLP, counsel to the Defendant Ashworth Card Clothing, Inc.,[1] in this matter. I submit this affidavit solely to transmit to the Court the documents appended hereto as exhibits. The exhibits are as follows:

2. Exhibit A is the Scheduling Order entered by Judge Douglas P. Woodlock on July 14, 2005 in the above-captioned matter.

3. Exhibit B is the Initial Disclosure Statement Plaintiff Raymond Ruszala in the above-captioned matter.

---

[1] Ashworth Card Clothing, Inc. is now known as Bekaert Carding Solutions, Inc.

-2-

SIGNED UNDER PENALTIES OF PERJURY THIS 21st DAY OF

NOVEMBER, 2005.

/s/ Timothy Casey_____
Timothy J. Casey

# Exhibit A

Aug 19 05 08:03a
08/16/2005 11:19 FAX 860 731 8824
AUG-16-2005 10:19     AON
336 728 3103   P.10
P.12
☑014/024

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAYMOND RUSZALA,
Plaintiff,

v.

CIVIL ACTION
NO. 05-10418-DPW

ATLANTIC LIGHTING, INC.,
Defendant

WOODLOCK, D.J.

### SCHEDULING ORDER

This Order is intended primarily to aid and assist counsel in scheduling and planning the preparation and presentation of cases, thereby insuring the effective, speedy and fair disposition of cases, either by settlement or trial.

The above-entitled action having been heard on July 12, 2005, it is hereby ORDERED pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), that:

(1) amendments and/or supplements to the pleadings shall be filed by JULY 28, 2005; Answer from any new parties due AUGUST 28, 2005;

(2) Automatic disclosure shall be made forthwith.

(3) all trial experts are to be designated and disclosure of information contemplated by FRCP, Rule 26 provided) no later than FEBRUARY 15, 2006; expert depositions to be completed by MARCH 30, 2006;

(4) fact discovery is to be completed by DECEMBER 1, 2005, unless shortened or enlarged by Order of this Court;

(5) defendants shall complete any medical or vocational examinations of the plaintiff by JANUARY 15, 2006

(6) the parties having consented to proceed before Magistrate Judge Sorokin pursuant to 636(c), it is hereby Ordered that the above captions matter is re-assigned from Judge Woodlock to Magistrate Judge Sorokin for all pretrial, trial and post trial

Aug 19 05 08:04a    Case 1:05-cv-10418-LTS    Document 21-2    Filed 11/21/2005    Page 3 of 3    P.13
08/16/2005 11:19 FAX 860 731 6824                                                                    @015/024

AUG-16-2005 10:20         AON                                          336 728 3103      P.11

proceedings. The parties shall substitute the initial LTS in place of DPW after the docket number on all future filings.

All provisions and deadlines contained in this order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge, if referred for case management proceedings. Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record. The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery, join other parties, amend the pleadings or file motions. The Court may then enter a final scheduling order, if necessary.

Counsel are encouraged to seek an early resolution of this matter. Additional case management conferences may be scheduled by the court or upon the request of counsel, if the Court can be of assistance in resolving preliminary issues or in settlement.

By the Court,

DATED: July 14, 2005

/s/ Michelle Rynne
Deputy Clerk

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND RUSZALA<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC LIGHTING, INC.,<br>ASHWORTH CARD CLOTHING, INC.<br>AND STAR METAL FINISHING, INC.<br><br>Defendants. | Civil Action No. 05-10418-LTS |

## INITITAL DISCLOSURE STATEMENT OF
## PLAINTIFF RAYMOND RUSZALA

The Plaintiff, Raymond Ruszala, by its attorneys of record, herby makes the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. The following represents the current state of knowledge of the plaintiff, Raymond Ruszala, and his attorneys at this stage of the litigation. The plaintiff reserves the right to supplement this Initial Disclosure as such additional disclosure becomes necessary and appropriate.

A. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claim or defenses, unless solely for impeachment, identifying the subjects of information:

    I. Witnesses to the Incident

    Raymond Ruszala, 34 Pearl Street, Norwich, CT,
    Male Truck Driver, Moskovitz Motor Transport, name
       and address unknown

    Male Employee, Atlantic Lighting, name and address unknown
    Female Manager, Atlantic Lighting, name and address unknown
    Male Truck Driver, New Penn Trucking, name and address unknown

    II.    Witnesses on the Issue of Damages

    Raymond Ruszala, 34 Pearl Street, Norwich, CT
    William D. Richeimer, M.D., Norwich Orthopedics Group, 2 Clinic Drive, Norwich, CT 06360
    Dawn Richardson, M.D., E.R. Physician, St. Ann's Hospital, Fall River, MA
    Employees of William Backus Hospital, 326 Washington Street, Norwich, CT

B.    A copy of, or a description by category and location of, all documents, data or compilations, and tangible things that are in the possession, custody or control of the part and that the disclosing party ma use to support its claims or defenses, unless solely for impeachment:

The plaintiff has previously produced all medical records, bills and photographs in counsel's possession. Further, the plaintiff will execute HIPPA compliant medical record releases if requested by the defendants. Herewith, the plaintiff produces the following additional categories of records which the plaintiff has recently located after making diligent search of records maintained at his residence:

2000 Individual Federal Income Tax Return

Records from State of Connecticut Workers Compensation Commission (7 pages)

Additional records from Norwich Orthopedic Group (19 pages)(may duplicate in part prior production)

Records from William W. Backus Hospital (2 pages)

Report of Medical Examination (defense medical exam, workers compensation claim), Gerald Lawrence, M.D. dated Octboer 29, 2002) ( 4 pages)

The plaintiff also states that medical bills related to his care and treatment, that have not yet been produced (at least in part) to the defendants are in

      the possession of:

St. Anne's Hospital, Fall River, MA
William H. Backus Hospital, Norwich, CT
Norwich Orthopedic Group, P.C., Norwich, CT
Managed Benefit Services, 263 Summer Street, Boston, MA

The plaintiff also states that his former employer, Moscovitz Motor Transportation has possession of records related to his employment as a truck driver.

C.    A compilation of any categories of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

The plaintiff states that he has produced all documents in his present possession that bear on the issue of the damages he has suffered. To the extent that this subsection of Rule 26(e) requires the plaintiff to make a demand for settlement, the plaintiff declines to do so at this on the grounds that he has insufficient present information to make a good faith settlement demand. Specifically, the plaintiff states the following reasons for his inability to make a demand for settlement:

    I.    Despite diligent efforts, the plaintiff has not yet received all medical bills from St. Anne's Hospital and William H. Backus Hospital;

    II.    The plaintiff has not yet reached a medical end result with respect to his injuries;

    III.    The plaintiff has not yet been evaluated by a vocational specialist to determine the extent of his loss of earning capacity; and

    IV.    The plaintiff has not been examined by treating orthopedic surgeon to determine the extent of his permanent loss of function.

D.    (Inapplicable to this party)

The Plaintiff,
Raymond Ruszala,
By His Attorneys

_____
Thomas J. Lynch
BBO # 309230
Lynch Associates, P.C.
50 Congress Street
Suite 745
Boston, MA 02109
Telephone: 617-367-1110
Facsimile: 617-720-7867