UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
RAYMOND RUSZALA,                        )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )   CIVIL ACTION NO. 05-cv-10418-LTS
                                        )
ATLANTIC LIGHTING, INC.,                )
                                        )
          Defendant.                    )
_____)


_____ORDER SETTING CASE FOR TRIAL

June 18, 2007

SOROKIN, M.J.


        Trial of the above-entitled action had been scheduled for June 5, 2007, until the Plaintiff

discharged his attorney on May 10, 2007.  On May 21, 2007, the Court set a status conference for

June 5, 2007.  An unforeseen event arose on that date, and the Court was forced to continue the

status conference to June 14, 2007.  On June 14, 2007, the pro se Plaintiff did not appear by

telephone as ordered.  However, the Court has not received a return receipt for its Order notifying

the Parties of the June 14 date.  Defense counsel appeared on June 14, 2007.

        Accordingly, it is ORDERED that a trial of the above-entitled action will commence with

jury empanelment on **Monday, October 29, 2007, at 9:00 A.M.** in Courtroom #14 on the 5th

1

floor.  Opening statements and presentation of evidence are to follow immediately thereafter and

until 1:00 p.m.  The trial will continue from day-to-day until completed.  This date is definite.

The Court has no other case scheduled for trial at that time.

The word "counsel" throughout this document also applies to the pro se Plaintiff.

1.      Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.5, it is further

ORDERED that counsel and the pro se Plaintiff appear for a Final Pretrial Conference on

**Thursday, October 25, 2007, at 2:30 p.m.** in Courtroom #14, 5th Floor.

2.      In preparation for this Conference, it is ORDERED that the parties

disclose to one another in accordance with Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(C) by no

later than the close of business on **September 28, 2007:**

a.      All photographs, documents, instruments and other objects either party intends to
offer as exhibits at trial, other than solely for impeachment;

b.      The names, addresses and telephone numbers of witnesses each party intends to
call at trial, including expert witnesses;

c.      The names of witnesses, if any, whose testimony is to be presented by means of
deposition and a transcript of the pertinent portions of the deposition testimony.

3.      Following the disclosures made pursuant to the previous paragraph, the Parties

shall serve upon one another by no later than the close of business on **October 5, 2007,** a list

describing any objections thereto and the grounds therefor.  As per Local Rule 16.5(C), these

objections shall be one subject of a pre-Final Pretrial Conference meeting and if not resolved,

shall be presented to the Court in the Parties' trial briefs.  Objections not so disclosed, other than

objections pursuant to Rules 402 and 403 under the Federal Rules of Evidence, are waived

according to Fed. R. Civ. P. 26(a)(3), unless excused by the Court for good cause.

4.     The Parties shall prepare and file no later than **October 19, 2007, a Joint Pretrial Memorandum** which sets forth the following issues pursuant to Local Rule 16.5(D):

    a.    A concise summary of the evidence which will be offered by the Plaintiff and the Defendant with respect to both liability and damages (including special damages, if any);

    b.    A statement of facts established by the pleadings, by admissions, or by stipulations;

    c.    Any factual issues in dispute;

    d.    Any jurisdictional questions;

    e.    Any question raised by pending motions;

    f.    Issues of law, including evidentiary questions, together with supporting authority;

    g.    Any requested amendments to the pleadings;

    h.    Any additional matters to aid in the disposition of the action;

    i.    The probable length of the trial;

    j.    The names of all witnesses to be called, the purpose of the testimony of each witness (i.e. factual, expert, etc.), and whether the testimony of any such witness is to be presented by deposition.  Unless the qualifications of any expert witness are stipulated, a statement of the qualifications shall be included;

    k.    Utilizing disclosures made pursuant to Sections 2 and 3, above, counsel shall include in their memorandum a 'List of Uncontested Exhibits" (photographs, documents, instruments, and all other objects as to which there appear to be <u>no objections)</u>, in order of their anticipated introduction to the Court, identified and marked by a <u>single sequence of numbers</u> regardless of which party is the proponent;

    l.    Utilizing disclosures made pursuant to Sections 2 and 3, above, counsel shall include in their memorandum a "List of Exhibits to be Offered at Trial" of exhibits to which any party reserves the right to object, identified and marked by a <u>single sequence of capital letters</u> regardless of which

party is the proponent;

m.    The parties' respective positions on any remaining objections to the evidence identified in the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(C), as well as any deposition testimony being offered.

5.    Each party shall prepare and file no later than **October 19, 2007, a Trial Brief** pursuant to Local Rule 16.5(F) which sets forth the following:

a.    Motions in limine or other requests regarding foreseeable disputes concerning evidentiary issues, including authority for the ruling requested.

b.    In cases to be tried by a jury:

i.    A succinct and neutral statement summarizing the principal claims and defenses of the parties to be read to the venire during empanelment;

ii.    Any proposed questions for the voir dire examination of the jury;

iii.    Requests for instructions to the jury, with citation to supporting authority; and

iv.    Any proposed interrogatories or special verdict form.

c.    In nonjury cases, proposed findings of fact and requested rulings of law.

If any trial materials required by this Order have been previously filed with the Court, please advise the Court in writing of the filing date.

6.    Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys in the case have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this Order, and shall file a copy of the writing with the Clerk.

4

Counsel are cautioned that failure to comply fully with this Order may result in

sanctions to be imposed by the Court.  The timely filing of these trial documents is required.


　　　/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE