UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAYMOND RUSZALA,
    Plaintiff,

v.

                              CIVIL ACTION NO. 05-10418-LTS

ATLANTIC LIGHTING, INC.
ASHWORTH CARD CLOTHING, INC.
and STAR METAL FINISHING, INC.,

    Defendants.
==================================

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

    The Defendants move the Court dismiss the plaintiff's complaint with prejudice due to the plaintiff's failure to prosecute this action and failure to follow the requirements set forth in the Court's June 18, 2007 Pretrial Order.  In support of this motion the defendants state the following:

    On January 29, 2007 the Court held a status conference at which time it ordered that the final pretrial conference be held on May 29, 2007 and a June 4, 2007 trial date was assigned. The plaintiff was to appear for an Independent Medical Examination by April 1, 2007 and the parties were to attempt private mediation.

    An independent medical examination was arranged with Dr. Hyman Glick.  The plaintiff was supposed to appear on April 2, 2007 for his examination.  The plaintiff failed to appear for his independent medical examination.  A private mediation with attorney Sarah Worley was scheduled for May 10, 2007.  During the course of the mediation, counsel for the plaintiff, Thomas Lynch, informed counsel for the defendant and the mediator that he had been discharged by his client.

Attorney Lynch filed a motion to withdraw as counsel for the plaintiff, which was allowed on May 21, 2007 after a hearing attended by attorney Lynch, counsel for the defendants and the plaintiff, who appeared by telephone. At that time, the Court scheduled a status conference for June 5, 2007 with an order that the plaintiff secure new counsel by that date, or appear Pro Se. Notice of the Court's order was sent by certified mail to the plaintiff and was delivered on May 29, 2007 according to an entry made in the Court's docket in this case.

The June 5, 2007 conference was rescheduled to June 14, 2007. Counsel for the defendants appeared on June 14, 2007. The plaintiff did not appear and telephone calls made by the Court's clerk to the plaintiff were not answered.

On June 18, 2007 the Court entered an "Order Setting Case for Trial" which set a final Pre Trial Conference date of October 25, 2007 and a trial date of October 29, 2007. The Court's June 18, 2007 Order required the parties to make disclosures of proposed exhibits, witnesses and experts by September 28, 2007, as required by F.R. Civ. P. 26(a)(3) and Local Rule 16.5(C). The Court also ordered that all objections to same be served upon each other by October 5, 2007. The parties were to prepare a joint pretrial memorandum and file this with the Court by October 19, 2007.

On September 25, 2007, counsel for the Defendants sent a draft of the Joint Pretrial Memorandum to the Pro Se plaintiff by certified mail, return receipt requested and by first class mail to 34 Pearl Street, Norwich, Connecticut 06360. This is the address that was provided by the Clerk's office. According to notations contained on the returned certified mail, return receipt package, deliveries were attempted on September 27, 2007, October 4, 2007 and October 12, 2007, but the package was not claimed by the plaintiff. As of October 19, 2007, the package

delivered by first class mail has not been returned to counsel for the defendants as being undeliverable.

Included with the cover letter of September 25, 2007 was a copy of the Court's June 18, 2007 Order. Counsel for the defendant requested that the plaintiff mail, fax or email his changes to the pretrial memorandum. Also included was a copy of the Trial Disclosures of Defendants Atlantic Lighting, Inc. and Star Metal Finishing, Co., Inc.

The plaintiff did not respond to the September 25, 2007 letter either by telephone, e-mail, fax or by letter. The plaintiff did not provide the defendants with a list of his exhibits, or identify any witnesses or expert witnesses he intended to call by the September 28, 2007 deadline as required by the Court's Order. The plaintiff did not serve objections to the defendant's disclosures by October 5, 2007 as required by the Court's Order. The plaintiff did not provide any information to insert into his portion of the Joint Pretrial Memorandum.

On October 16, 2007 counsel for the defendants called the plaintiff at two phone numbers which were provided by the clerk's office. The first number, 860-204-9166 was not in service. On October 16, 2007 at 2:35 p.m. a second call made to the other number provided, 860-884-2649. This call was answered by a male who identified himself as being Raymond Ruszala. When counsel for the defendant started to ask about the pretrial conference, the plaintiff stated that he had company and asked if counsel for the defendant could call him back in 15 minutes.

On October 16, 2007 at 3:00 p.m. counsel for the defendants called the plaintiff a third time. The plaintiff did not answer and the call was forwarded to a voice mail answering service. Counsel for the defendants provided his direct line telephone number and left a message for the plaintiff to call to discuss the completion of the joint pretrial memorandum. Counsel for the defendants made a fourth call on October 16, 2007 at 4:00 p.m., but the plaintiff did not answer

and the call was forwarded to a voice mail answering service. Counsel for the defendants provided his direct line telephone number and left a message for the plaintiff to call to discuss the completion of the joint pretrial memorandum. No return call from the plaintiff was received on October 16, 2007. No voice mail message from the plaintiff was received on October 16, 2007 in response to the calls made that day. No fax from the plaintiff was received on October 16, 2007 in response to the calls made that day.

On October 17, 2007, counsel for the defendants made a fifth call at 9:50 a.m., but the plaintiff did not answer and the call was forwarded to a voice mail answering service. Counsel for the defendants provided his direct line telephone number and left a message for the plaintiff to call to discuss the completion of the joint pretrial memorandum. Counsel for the defendants also stated there was a pretrial conference that was to be held on October 25, 2007 in the federal court in Massachusetts. On October 17, 2007 at 12:36 p.m. counsel for the defendants made a sixth call to the plaintiff, but the plaintiff did not answer and the call was forwarded to a voice mail answering service. Counsel for the defendants left his direct line telephone number and left a message for the plaintiff to call and discuss preparation of the joint pretrial memorandum. No return call was received from the plaintiff on October 17, 2007. No voice mail message from the plaintiff was received on October 17, 2007 in response to the calls made that day. No fax from the plaintiff was received on October 17, 2007 in response to the calls made that day.

On October 18, 2007, counsel for the defendants made a seventh call at 10:36 a.m., but the plaintiff did not answer and the call was forwarded to a voice mail answering service. Counsel for the defendants provided his direct line telephone number and left a message for the plaintiff to call to discuss the completion of the joint pretrial memorandum. On October 18, 2007 at 2:12 p.m. counsel for the defendant made an eighth call to the plaintiff, but the plaintiff

4

did not answer and the call was forwarded to a voice mail answering service. Counsel for the defendants left his direct line telephone number and left a message for the plaintiff to call and discuss preparation of the joint pretrial memorandum. Counsel also attempted to page the plaintiff and entered his direct telephone line in the paging option offered by the plaintiff's voice mail service. No return call was received from the plaintiff on October 18, 2007. No voice mail message from the plaintiff was received on October 18, 2007 in response to the calls made that day. No fax from the plaintiff was received on October 18, 2007 in response to the calls made that day.

As of October 19, 2007, the plaintiff has not returned any of the phone calls made by counsel for the defendants. The plaintiff has not participated in the preparation of the Joint Pretrial Memorandum. The plaintiff has failed to identify any witnesses or exhibits that will be introduced at trial. No attorney had filed an appearance to represent the plaintiff at trial in this matter.

The plaintiff discharged his attorney on the eve of the first trial date. The defendants and the Court graciously permitted the plaintiff time to secure successor counsel. The plaintiff has had five (5) months to secure successor counsel, but has failed to do so. The plaintiff repeatedly has failed to follow orders issued by this Court that are necessary for the fair trial of this action. The defendants should not be caused to incur the time and expense of defending a case in which the plaintiff flagrantly ignores court orders to their prejudice. It is now time to put an end to this matter. For the reasons set forth above, the defendants respectfully request the Court dismiss the plaintiff's complaint with prejudice and without costs. An affidavit in support of this motion is being filed with the Court.

5

        Atlantic Lighting, Inc.
        and Star Metal Finishing, Inc.
        By their attorney,

        /s/ Mark S. Roder_____
        Mark S. Roder, BBO # 424270
        mroder@travelers.com
        Law Offices of Thomas M. Niarchos
        100 Summer Street, Suite 201
        Boston, MA  02110
        Telephone: (617) 772-2800
        Facsimile: (617) 772-2828


**CERTIFICATE OF SERVICE**

    I hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on.

        /s/ Mark S. Roder
        Mark S. Roder (BBO #424270)
        mroder@travelers.com