UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAYMOND RUSZALA,
    Plaintiff,

v.

                                          CIVIL ACTION NO. 05-10418-LTS

ATLANTIC LIGHTING, INC.
ASHWORTH CARD CLOTHING, INC.
and STAR METAL FINISHING, INC.,

    Defendants.
==================================

**JOINT PRETRIAL MEMORNADUM**

**<u>Introduction</u>**

On September 25, 2007, counsel for the Defendants sent a draft of the Joint Pretrial Memorandum to the Pro Se plaintiff by certified mail, return receipt requested and by first class mail to 34 Pearl Street, Norwich, Connecticut 06360. This is the address that was provided by the Clerk's office. According to notations contained on the returned certified mail, return receipt package, deliveries were attempted on September 27, 2007, October 4, 2007 and October 12, 2007, but the package was not claimed by the plaintiff. As of October 19, 2007, the package delivered by first class mail has not been returned to counsel for the defendants as being undeliverable.

Included with the cover letter of September 25, 2007 was a copy of the Court's June 18, 2007 Order. Counsel for the defendant requested that the plaintiff mail, fax or email his changes to the pretrial memorandum.

The plaintiff did not respond to the September 25, 2007 letter. On October 16, 2007 counsel for the defendants called the plaintiff at the two phone numbers provided by the clerk's office. The first number, 860-204-9166 was not in service. On October 16, 2007 at 2:35 p.m. a

second call made to 860-884-2649 was answered by a male who identified himself as Raymond Ruszala. When counsel for the defendant started to ask about the pretrial conference, the plaintiff stated that he had company and asked if counsel for the defendant could call him back in 15 minutes.

On October 16, 2007 at 3:00 p.m. counsel for the defendants called the plaintiff a third time. The plaintiff did not answer and the call was forwarded to a voice mail answering service. Counsel for the defendants left his direct line telephone number along with a message for the plaintiff to call to discuss the completion of the joint pretrial memorandum. Counsel for the defendants made a fourth call on October 16, 2007 at 4:00 p.m., but the plaintiff did not answer and the call was forwarded to a voice mail answering service. Counsel for the defendants left his direct line telephone number along with a message for the plaintiff to call to discuss the completion of the joint pretrial memorandum. No return call from the plaintiff was received on October 16, 2007. No voice mail message from the plaintiff was received on October 16, 2007 in response to the calls made that day.

On October 17, 2007, counsel for the defendants made a fifth call at 9:50 a.m., but the plaintiff did not answer and the call was forwarded to a voice mail answering service. Counsel for the defendants left his direct line telephone number along with a message for the plaintiff to call to discuss the completion of the joint pretrial memorandum. Counsel for the defendants also stated that there was a pretrial conference that was to be held on October 25, 2007 in the federal court in Massachusetts. On October 17, 2007 at 12:36 p.m. counsel for the defendant made a sixth call to the plaintiff, but the plaintiff did not answer and the call was forwarded to a voice mail answering service. Counsel for the defendants left his direct line telephone number along with a message for the plaintiff to call and discuss preparation of the joint pretrial memorandum.

No return call was received from the plaintiff on October 17, 2007. No voice mail message from the plaintiff was received on October 17, 2007 in response to the calls made that day.

On October 18, 2007 at 10:36 a.m., counsel for the defendants placed a seventh call to the plaintiff, but the plaintiff did not answer and the call was forwarded to a voice mail answering service. Counsel for the defendants left his direct line telephone number along with a message for the plaintiff to call and discuss preparation of the joint pretrial memorandum. On October 18, 2007 at 2:12 p.m., counsel for the defendants placed an eighth call to the plaintiff, but the plaintiff did not answer and the call was forwarded to a voice mail answering service. Counsel for the defendants left his direct line telephone number along with a message for the plaintiff to call and discuss preparation of the joint pretrial memorandum. Counsel for the defendants also paged the plaintiff by providing a counsel's direct line number. No return call was received from the plaintiff on October 18, 2007. No voice mail message from the plaintiff was received on October 18, 2007 in response to the calls made that day.

As of October 19, 2007, the plaintiff has not returned any of the phone calls made by counsel for the defendants. Despite both written and attempted telephone communication, the plaintiff has not contributed to the preparation of the Joint Pretrial Memorandum. Accordingly, the portions of the memorandum that were to contain the plaintiff's portion have been left blank.

**A.      Summary of the Evidence**

Plaintiff's Position


Defendant's Position

On June 11, 2002, the plaintiff, Raymond Ruszala ("Ruszala") was employed by Mozkovitz trucking. He made a delivery to defendant Atlantic Lighting, Inc. ("Atlantic") at 89 Globe Mills Avenue in Fall River Massachusetts. Atlantic sub leased space at 89 Globe Mills

3

Avenue from Star Metal Finishing, Inc. ("Star").  Atlantic and Star are separate corporations owned by the same individuals, but which operate different businesses at that location.

Ruszala parked his truck at the loading dock.  There is only space for a single truck to load/unload at the loading dock.  There are no stairs or steps to gain access to the loading dock from the outside of the building.  All drivers are instructed by Atlantic and Star that they must come through the office of the building in order to gain access to the loading dock.  Mr. Ruszala had made numerous deliveries to Atlantic in the past and was aware of this requirement.  Ruszala admits he had made between 10 and 20 deliveries to Atlantic prior to the incident.

Atlantic and Star use wooden cargo pallets in connection with shipping their products.  Any wooden cargo pallet which was broken, was placed behind the loading dock next to the trash dumpster for disposal.  Ruszala took a broken, wooden cargo pallet and attempted to use it as a makeshift ladder to gain access to the top of the loading dock.  His foot broke through one of the slats and he fell, injuring his ankle.

It is the position of Atlantic and Star that Ruszala was aware that he was not permitted to gain access to the loading dock from outside of the building and failed to meet their requirement that all access to the loading dock be made by walking through the offices in the building.  Neither Atlantic nor Star were aware of any prior instance where anyone had attempted to use a broken wooden cargo pallet, or any wooden pallet, as a makeshift ladder to gain access to the loading dock.  The wooden pallets that were placed next to the trash dumpster were obviously defective and not usable.   Despite constituting an open and obvious danger, Ruszala attempted to use the wooden pallet for something that it was not intended to be used for and is solely responsible for any injury he sustained when the pallet broke.

The plaintiff also will offer the testimony of a safety expert witness who will testify that no building code or regulation requires that a loading dock have stairs or steps to gain access to the loading dock. There were no building code violations associated with the loading dock. The distance from the location the cab of a standard tractor trailer unit such as Ruszala was driving to the defendants' office entrance was 51 feet. The distance from the cab of a standard tractor trailer unit docked at the loading dock to the loading dock is approximately the same distance. It was not unreasonable for a driver to have to walk through the office in order to gain access to the loading dock. There were no unsafe conditions associated with the loading dock that caused or contributed to Ruszala's alleged injury.

**B.**     **Statement of Facts Established by Pleadings, Admissions or Stipulations**

None.

**C.**     **Factual Issues**

1. Whether Ruszala was aware that all access to the loading dock was required to be made through the office.

2. Whether Atlantic and Star were aware of wooden pallets being used to gain access to the loading dock.

3. The nature and extent of Ruszala's injuries.

4. Whether Ruszala was negligent in using a broken wooden pallet as a makeshift step ladder.

5. Whether Atlantic and Star were negligent.

**D.**     **Jurisdictional Issues**

None.

**E.**     **Questions raised by pending Motions**

   None.

**F.**     **Issues of law**

   None.

**G.**     **Amendments to the pleadings**

   None.

**H.**     **Additional Matters.**

   None.

**I.**     **Probable Length of Trial**

   Two days

**J.**     **Witnesses**

Plaintiff's Witnesses

Defendant's Witnesses

1. Gabriel Estrela – 645 Hailes Hill Road, Swansea, Massachusetts (508-678-5411) fact witness

2. Eduarda Estrela – 645 Hailes Hill Road, Swansea, Massachusetts (508-678-5411) fact witness

3. Carol Pacheo – 1414 Stafford Road, Fall River, Massachusetts (508-678-5411) fact witness

4. John M. Orlowski, P.E.) 11 Vanderbilt Avenue, Suite 120, Norwood, Massachusetts (781-762-8377) (expert witness)  A copy of Mr. Orlowski's curriculum vitae is attached as Exhibit A.

   All of the defendants' witnesses will testify in Court.

**K.**     **Uncontested Exhibits**

Plaintiff's Exhibits

Defendants' Exhibits

As the plaintiff did not respond or participate in the preparation of the joint pretrial memorandum, there are no agreed exhibits.

**L.   List of Exhibits to be Offered at Trial**

A.   Photograph
B.   Photograph
C.   Photograph
D.   Photograph
E.   Photograph
F.   Photograph
G.   Photograph
H.   Commercial Lease between ECC Card Clothing, Inc. and Star Metal Finishing, Inc.

**M.   Evidentiary Objections**

As required by the pretrial order, the plaintiff did not object to any of the defendants' exhibits by October 5, 2007. Accordingly all objections are waived by the plaintiff are waived. The defendants object to any document the plaintiff may attempt to introduce at trial as he failed to provide notice of what he intended to introduce which deprived the defendants of determining whether or not to object to the document.

Atlantic Lighting, Inc.
and Star Metal Finishing, Inc.
By their attorney,

/s/ Mark S. Roder_____
Mark S. Roder, BBO # 424270
mroder@travelers.com
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA  02110
Telephone: (617) 772-2800
Facsimile: (617) 772-2828

**CERTIFICATE OF SERVICE**

  I hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on.

               /s/ Mark S. Roder
               Mark S. Roder (BBO #424270)
               mroder@travelers.com