THOMAS M. NIARCHOS
MICHAEL ARTER
DAVID G. BRAITHWAITE
EDWIN W. BARRETT
JOHN R. BOLOGNA
BRIAN M. CULLEN
DAVID J. DONOVAN
JEANETTE M. LUCEY

# *LAW OFFICES*
## *OF*
# *THOMAS M. NIARCHOS*

100 SUMMER STREET, SUITE 201
BOSTON, MA 02110
TELEPHONE 617-772-2800
FACSIMILE 617-772-2828

FRANCES D. O'TOOLE
TERENCE P. REILLY
MARK S. RODER
ROBERT P. SNELL
STEVEN B. STEIN
JAMES T. SULLIVAN
RONALD N. SULLIVAN
MARIANNE SWENSON
SALLY A. VANDERWEELE

October 19, 2007

By Facsimile
(617) 748-9096

Office of the Civil Clerk
United States District Court
for the District of Massachusetts
One Courthouse Way
Boston, MA  02210

Attention:  Maria Simeone

Re:  Raymond Ruszala v. Atlantic Lighting, Inc., Ashworth Card Clothing, Inc. and
Star Metal Finishing, Inc.
U.S. District Court C.A. No.: 05-104 18 LTS
Our File No.: 050081

Dear Ms. Simeone:

Enclosed for filing, please find Defendant's Trial Brief in the above-captioned action.
We tried unsuccessfully to convert the file into a PDF document and file it electronically.
Accordingly, we are filing by facsimile.

Please be advised that we also filed (electronically) a Joint Pretrial Memorandum,
Defendant's Motion to Dismiss and Affidavit in Support of Defendant's Motion to Dismiss.

All of the above documents have been mailed to the plaintiff, Raymond Ruszala by first
class mail postage prepaid. All remaining attorneys who appear on record are no longer
involved. Co-defendant Ashworth Card Clothing, Inc. was dismissed from the case.
Accordingly, there is no need to serve Ashworth's counsel.

*Not a Partnership or Professional Corporation.*
*All Attorneys are Staff Counsel for the Travelers Indemnity Company*
*and its Property Casualty Affiliates.*

Thank you very much for your assistance.

Very truly yours,

Mark S. Roder

MSR:mmm
Enclosure

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAYMOND RUSZALA,
    Plaintiff,

v.

CIVIL ACTION NO. 05-10418-LTS

ATLANTIC LIGHTING, INC.
ASHWORTH CARD CLOTHING, INC.
and STAR METAL FINISHING, INC.,

    Defendants.

## DEFENDANTS' TRIAL BRIEF

### I.   Motions in Limine

The Defendants are not filing any motions in limine.

### II.   Defendant's Statement of Claims

On June 11, 2002, the plaintiff, Raymond Ruszala ("Ruszala") was employed by

Mozkovitz trucking. He made a delivery to defendant Atlantic Lighting, Inc. ("Atlantic") at 89

Globe Mills Avenue in Fall River Massachusetts. Atlantic sub leased space at 89 Globe Mills

Avenue from co-defendant Star Metal Finishing, Inc. ("Star"). Atlantic and Star are separate

corporations owned by the same individuals, but which operate different businesses at that

location.

Atlantic and Star use wooden cargo pallets in connection with shipping their products.

Any wooden cargo pallet which is broken is placed behind the loading dock next to the trash

dumpster for disposal. Mr. Ruszala took a broken, wooden cargo pallet and attempted to use it

as a ladder to gain access to the top of the loading dock. His foot broke through one of the slats

of the pallet and he fell less than three feet injuring his ankle.

It is the position of Atlantic and Star that Ruszala was aware that Mr. Ruszala was not permitted to gain access to the loading dock from outside of the building and failed to meet their requirement that all access to the loading dock be made by walking through the offices in the building. Neither Atlantic nor Star were aware of any prior instance where anyone had attempted to use a broken wooden cargo pallet, or any wooden pallet for that matter, as a makeshift ladder to gain access to the loading dock. The wooden pallets that were placed next to the trash dumpster, were obviously defective and not usable. It is the defendant's position that Mr. Ruszala attempted to use the wooden pallet for something that it was not intended to be used for and is solely responsible for any injury he sustained when the pallet broke.

## III.    Proposed Questions for Voir Dire Examination of the Jury

1.    Do you believe that if someone is injured in an accident when a person falls, that the cause of the accident must be the result of some defective condition?

2.    Do you believe that a person bears some responsibility for his or her personal safety?

3.    Do you believe that the owner of property is required to warn the public about conditions on the owner's property which are open and obvious to the average person?

## IV.    Defendant's Proposed Jury Instructions

### Request No. 1

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint and the answer thereto of the defendant. You are to perform this duty without bias or prejudice to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in this case, follow the law as set forth by the Court and reach a just verdict, regardless of the consequences.

2 Devitt & Blackmar, Federal Jury Practice & Instructions, (3d ed. 1977), § 71.02

2

**Request No. 2**

This case should be considered by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as a private individual.

2 Devitt & Blackmar, Federal Jury Practice & Instructions, (3d ed. 1977) § 71.95.

**Request No. 3**

The mere fact that the plaintiff brought this action against the defendants not to be considered by you as evidence that anyone was negligent.

**Request No. 4**

The burden of proof is on the plaintiff to prove each and every essential element of her claim by a preponderance of all the credible evidence. If the evidence should fail to establish any one of the essential elements of the plaintiff's claims, or if the evidence is equally balanced as to any of the essential elements of the plaintiff's claims, then you must find for the defendants.

Stepakoff v. Kantar, 393 Mass. 836, 842-843 (1985);
Borrelli v. Top Value Enterprises, 356 Mass. 110, 113 (1969);

**Request No. 5**

In order for you, the jury, to be satisfied that the plaintiff has sustained his burden of proof by a preponderance of the evidence, you must have a "firm and abiding conviction in the truth of the plaintiff's case."

Stepakoff v. Kantar, 393 Mass. 836, 843 (1985).

**Request No. 6**

The plaintiff has the burden of proving that each element of her claim is true by a preponderance of the evidence. The plaintiff must prove that each element of the claim is true to recover damages from the defendants. Preponderance of the evidence means such evidence as, when considered and compared to the evidence opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not true. To establish a claim by a preponderance of the evidence means to prove the claim or fact is more likely so than not so. Another description of the state of mind which is satisfied by a fair preponderance of the evidence is a firm and abiding conviction in the truth of the plaintiff's case.

If based upon all the credible evidence it is just as reasonable to believe that the cause of the plaintiff's alleged injury is one for which the defendants are not liable as one for which the

3

defendants are liable, then the plaintiff has failed to sustain her burden of proof and you must find for the defendants.

Because the plaintiff has the burden of proof by a preponderance of the evidence, if you find that the evidence in this case is evenly balanced on any issue, that means that the plaintiff can not prevail on that issue and you must return a verdict for the defendants.

Stepakoff v. Kantar, 393 Mass. 836, 842-843 (1985);
Forlano v. Hughes, 393 Mass. 502, 507 (1984).

## Request No. 7

You may not indulge in surmise, conjecture or speculation. Surmise, conjecture and speculation is not proof and should not be considered by you. It must be excluded from your deliberations. The plaintiff in cross claim has failed to maintain his burden of proof if, based upon all of the evidence, the question of negligence is left to conjecture, surmise or speculation.

The plaintiff must introduce enough credible evidence to remove the cause of the accident from the realm of speculation. If the plaintiff fails to remove the cause of the accident from the realm of speculation, you must return a verdict for the defendants.

Swartz v. General Motors Corp., 375 Mass. 628, 633 (1978).

## Request No. 8

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience. That the inferences be reasonable requires that they be based on probabilities rather than possibilities. Inferences are not the result of mere speculation and conjecture, but are deductions or conclusions which reason and common sense lead you the jury to draw from facts which have been established by the evidence in the case.

Chapman v. University of Massachusetts Medical Center, 417 Mass. 104, 110 (1994);
Ferragamo v. Massachusetts Bay Transportation Authority, 395 Mass. 581, 591 (1985);
Devitt and Blackmar, Federal Jury Practice and Instructions, §. 72.04 at 36 (1987).

## Request No. 9

You, the jurors, are the sole judges of the credibility or believability of the witnesses in this case you determine the weight each witnesses' testimony deserves. Your determination may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given or by evidence to the contrary to the testimony given. You may consider the relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

4

Devitt and Blackmar, Federal Jury Practice and Instructions, § 73.01 (1977 and 1983 Supp.)

## Request No. 10

In order for the plaintiff to establish negligence he must prove by a preponderance of the credible evidence, that the defendants:

a.    owed him a duty of care;
b.    that they breached this duty of care, or on other words was negligent;
c.    that he was injured; and
d.    that the defendant's breach of duty was a cause of the plaintiff's injury or harm.

Massachusetts Superior Court Civil Practice Jury Instructions, § 2.1 at p. 2-1 (1998); J. Nolan and L. Sartorio, Tort Law, § 231 (Second Edition 1989 and Supp. 1993).

## Request No. 11

The defendants are only required to exercise the degree of care that a person of ordinary prudence ought to exercise under the circumstances. The standard is whether a reasonable man, knowing as much of the circumstances surrounding the accident as the defendant knew or should have known, would have realized his conduct involved an unreasonable risk of harm to others. A defendant must take reasonable care. A defendant is not required to take extraordinary care. It is not negligence to fail to take actions that a reasonable man in the same circumstances would not consider necessary.

Gilhooly v. Stop Market Company, Inc., 400 Mass. 205, 206-207 (1987);
See Hallett v. Wrentham, 398 Mass. 550, 558-559 (1986);
Beaver v. Costin, 352 Mass. 624, 626 (1967);
W. Keeton, Prosser and Keeton on Torts, §32 at 174-75, §37 at 236-37 (5th ed. 1984).

## Request No. 12

Where a duty of care is owed to the plaintiff, the standard by which a party's performance is measured is the conduct expected of an ordinarily prudent person in similar circumstances. The standard is not established by the most prudent person conceivable, nor by the least prudent, but by the person who is thought to be ordinarily prudent.

Toubiana v. Priestly, 402 Mass. 84, 88 (1988).

5

**Request No. 13**

The defendants are not to be charged with negligence because of a mere error of judgment, especially when the circumstances are such as to call for a speedy decision and action. A choice may be mistaken, and yet prudent.

Wilborg v. Denzel, 359 Mass. 279, 283 (1971).

**Request No. 14**

"There is no absolute safety in life, and the most ordinary acts involve possible danger. Mere knowledge that some danger exists is not conclusive of the negligence of one who fails to avoid it . . . . One is not negligent unless he takes greater risks than a man of ordinary prudence would take in a like situation."

Luz v. Stop & Shop, Inc., of Peabody, 348 Mass. 198, 205 (1964).

**Request No. 15**

The defendants are entitled to rely to a certain extent on the expectation that others will take reasonable precautions for their own safety.

Gagnon v. DiVittorio, 310 Mass. 475, 478 (1941).

**Request No. 16**

The mere happening of an accident, in and of itself, is not evidence of negligence on the part of any party. The mere happening of the accident is not evidence of the defendant's negligence. An accident may occur without negligence on the part of anyone.

Michnik-Zilberman v. Gordon's Liquor, Inc., 390 Mass. 6, 14 (1983).
Wardwell v. George H. Taylor Co., 333 Mass. 302, 305 (1955).

**Request No. 17**

The length of time in which a landowner should discover and remove or warn a visitor of a dangerous condition depends upon the circumstances of each case. Facts to consider include the opportunity for discovery that the defendant had of the alleged defective condition and the likelihood that the defendants would become aware of the condition in the normal performance of their duties.

Superior Court Civil Jury Instructions, § 2.3 at p. 2-54 (1998); see *Deagle v. Great Atlantic & Pacific Tea Company,* 343 Mass. 263, 265 (1961).

**Request No. 18**

The burden of proof is on the plaintiff to prove by a fair preponderance of the evidence that there is a greater likelihood that the injuries were caused by some act for which the defendants may be held liable than from some other cause.

Zezuski v. Jenny Mfg. Co., 363 Mass. 324, 329 (1973).

**Request No. 19**

The plaintiff must show that it is more likely than not that the defendants' action caused the injury. If you find that the plaintiff's injuries were not caused by negligence on the part of the defendants, then you must return a verdict in the defendant's favor.

Coyne v. John S. Tilley, Co., 368 Mass. 230, 239 (1975).

**Request No. 20**

"While the plaintiff is not bound to exclude every other possibility of cause for his injury except that of the negligence of the defendants, he is required to show by evidence a greater likelihood that it came from an act of negligence for which the defendants are responsible than from a cause for which the defendants are not liable."

Zezuski v. Jenny Mfg. Co., 363 Mass. 324, 329 (1973).

**Request No. 21**

It is the obligation of the plaintiff to prove by a preponderance of the evidence the causal relationship between the defendant's alleged breach of duty and the injury. You are not allowed to speculate on the question of whether a causal relationship exists. A mere possibility is not enough. The plaintiff is required to show a greater likelihood that his injury was caused by the defendant's negligence than by some other means.

Kenney v. Sears Roebuck & Co., 355 Mass. 604, 608 (1969).

**Request No. 22**

Assuming that actual causation exists between the plaintiff's injury and defendants' negligence, the defendants' are not liable unless its act was the proximate cause of the plaintiff's injury. The test of proximate cause is whether the defendants' conduct was a substantial factor in bringing about the harm and that the plaintiff's injury was a reasonably foreseeable consequence of the defendants' actions.

Young v. Atlantic Richfield Co., 400 Mass. 837, 843 (1987);
See, Tritsch v. Boston Edison Co., 363 Mass. 179, 182 (1973); J. Nolan and L. Sartorio, Tort Law, § 226 (2d Ed. 1989).

**Request No. 23**

An opinion that the defendants' conduct is only a "possible cause" of the plaintiff's injuries is insufficient to establish causation.

LeClair v. Silberline Manufacturing Co., 379 Mass, 21, 32 (1979).

**Request No. 24**

At the time of the accident, the plaintiff had a duty to observe danger and protect himself by avoiding it.

Tetrault v. Dupuis, 351 Mass. 710 (1967).

**Request No. 25**

A superseding cause is the unusual, extraordinary negligence of someone other than the defendant which becomes the actual cause of the plaintiff's injury. If you find that there was a superseding cause which caused the plaintiff's injuries then you must find in favor of the defendants.

A.L. v. Commonwealth, 402 Mass. 234, 244 (1988);
Jones v. Cincinnati, Inc., 32 Mass. App. Ct. 365, 370 (1992).
Atlantic and Pacific Tea Co., 343 Mass. 263, 265 (1961).

**Request No. 26**

The defendants were not the insurer of the plaintiff's safety and cannot be held responsible for injuries which were not reasonably foreseeable.

Mounsey v. Ellard, 363 Mass. 693, 709 (1973);
Roderick v. Brandy Hill Co., 36 Mass. App. Ct. 948, 950 (1994);
Glick v. Prince Italian Foods of Saugus, Inc., 25 Mass. App. Ct. 901, 902 (1987).

**Request No. 27**

"It is a matter of common observation that in entering and leaving stores, halls, railway car stations and platforms, office buildings, and other buildings . . . adjoining surfaces are frequently at different levels; and the difference in level has to be overcome by one or more steps, of greater or less height, or by some other device." Gurll v. Massasoit Greyhound Association, 325 Mass. 76, 78 (1949), citing Ware v. Evangelical Baptist benevolent & Missionary Society of Boston, 181 Mass. 285, 286 (1902). See also Clark v. Handleman, 321 Mass. 516 (1947); Rosen v. Boston Symphony Orchestra, 315 Mass. 732 (1944); Sterns v. Highland Hotel Co., 307 Mass. 90 (1940); Abrahams v. Zisman, 293 Mass. 375 (1936); Pastrick v. S.S. Kresge Co., 288 Mass. 194 (1934); Hoyt v. Woodbury, 200 Mass. 343 (1909).

8

**Request No. 28**

An owner or possessor of land owes a common-law duty of reasonable care to all persons lawfully on the premises. This duty includes an obligation to maintain his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk, and to warn visitors of any unreasonable dangers of which the landowner is aware or reasonably should be aware. However, a landowner is not obliged to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate. Moreover, it is well established in our law of negligence that a landowner's duty to protect lawful visitors against dangerous conditions on his property ordinarily does not extend to dangers that would be obvious to persons of average intelligence.

Lyon v. Morphew, 424 Mass. 828, 833 (1997); Toubiana v. Priestly, 402 Mass. 84, 88 (1988); See also Thorson v. Mandell, 402 Mass. 744, 749 (1988); Young v. Atlantic Richfield Co., 400 Mass. 837, 842 (1987), cert. denied, 484 U.S. 1066 (1988), and cases cited; Waters v. Banning, 339 Mass. 777, 777 (1959), and cases cited; Greenfield v. Freedman, 328 Mass. 272, 274-275 (1952); Sterns v. Highland Hotel Co., 307 Mass. 90, 96 (1940), and cases cited; Sweet v. Cieslak, 23 Mass. App. Ct. 908, 908-909 (1986); Polak v. Whitney, 21 Mass. App. Ct. 349, 353 (1985); J.R. Nolan & L.J. Sartorio, Tort Law § 336, at 89-90 (2d ed. 1989).

**Request No. 29**

If you find that the defendant was negligent and that its negligence proximately caused plaintiff's injuries, independent of any superseding or intervening causes, then the plaintiff is entitled to recover reasonable damages from the defendant for the defendant's lack of reasonable care under the circumstances. The amount of damages must be proved by the plaintiff and not left to speculation.

Puritan Medical Center, Inc. v. Cashman, 413 Mass. 167, 181 (1992);
Devitt & Blackmar, Federal Jury Practice and Instructions, §85.15 at 340 (1987).

**Request No. 30**

By instructing you on the question of damages, I do not mean to imply that the plaintiff has proven liability by a preponderance of the evidence. You should consider the question of damages only if you first determine by a preponderance of the evidence that the defendant was negligent.

**Request No. 31**

In the event that you award damages in this case, these damages are for fair and reasonable compensation. You must not decide the amount of damages based on bias, sympathy, pity, punishment or prejudice.

Rodgers v. Boynton, 315 Mass. 279, 280 (1943).

**Request No. 32**

One who is injured by the wrongdoing of another owes to that other the duty to make every reasonable effort to repair the injury and lessen the damages and if he does not, any injury which such effort would have prevented is to be attributed to the person injured, not the original wrongdoer.

A party claiming injury has a duty to use reasonable means to minimize his damages.

Goldstein v. Kelleher, 728 F2d 32, 38 (1st Cir. 1984);.
Quaranto v. Silverman, 345 Mass. 423, 428 (1963).

**Request No. 33**

The burden of proof is upon the plaintiff to prove her injuries and the extent thereof. The plaintiff's damages cannot be left to speculation, conjecture or guess work.

Conway v. Electro Switch Corp., 402 Mass. 385, 388 (1988).

**Request No. 34**

Damages must be proven, they must not be based on speculation, and the plaintiff must not be made more than whole.

Conway v. Electro Switch Corp., 402 Mass. 385, 388 (1988).

**Request No. 35**

Plaintiff may recover damages for reasonable medical expenses, pain and suffering, and the diminution of earning capacity. You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any alleged prospective loss which, although possible, is not reasonably certain to occur in the future.

Rogers v. Okin, 478 F. Supp. 1342, 1384 (1979);
Rodgers v. Boynton, 315 Mass. 279, 280 (1943);
Devitt & Blackmar, Federal Jury Practice and Instructions, §85.04, 85.07 and 85.14 at 338-39 (1987);

## Request No. 36

The plaintiff has the duty to take all reasonable steps to reduce his damages incurred as a result of his injuries. She may not recover damages which he could have avoided incurring. This rule applies to all types of damages involved in this case, including medical expenses, pain and suffering, and any diminution of his earning capacity.

Goldstein v. Kelleher, 728 F.2d 32, 38 (1st Cir. 1984);
Devitt & Blackmar, Federal Jury Practice and Instructions, §85.13 at 336 (1987).

## Request No. 37

Evidence that medical services were "patently inefficient, excessively repetitious, not conducive to producing desired medical results or disproportionately expensive" is to be considered on the issue of whether the medical bills offered in this case were reasonable and necessary.

Victum v. Martin, 367 Mass. 404, 410 (1975).

## Request No. 38

Any award of damages to the plaintiff is not subject to income tax.

Norfolk & Western Rug Co. v. Liepelt, 444 U.S. 490, 62 L.E.2d 689, 100 S.Ct. 755 (1980); Griffin v. General Motors Corp., 380 Mass. 362, 370 (1980).

## Request No. 39

In considering the plaintiff's lost earnings, you are not to consider such a loss based on his gross earnings but rather on his net earnings after his estimated federal and state income taxes have been deducted.

Griffin v. General Motors, Corp., 380 Mass. 362, 368 (1980).

## Request No. 40

Damages for lost earnings or to the impairment of the plaintiff's earning capacity should be reduced by the estimated income tax liability on those earnings.

Griffin v. General Motors, Corp., 380 Mass. 362, 370 (1980).

**Request No. 41**

The plaintiff may only recover for lost earning capacity if he proves facts sufficient to form a rational conclusion regarding the extent to which his ability to earn has been impaired and the fair value of the impairment.

Williamson v. Feinstein, 311 Mass. 322, 324 (1942).

**Request No. 42**

If you find that the area in question involved no unreasonable risk to the plaintiff at the time of the plaintiff's alleged injury then you cannot find that the defendants are liable for the plaintiff's alleged injury.

Crowell v. McCaffrey, 377 Mass. 443, 449 (1979).

**Request No. 43**

You are instructed to reduce future damages to their value at the date of commencement of this action which is [date]. The Clerk will add interest on the amount of the verdict from that date.

Griffin v. General Motors, Corp., 380 Mass. 362, 367 (1980).

**Request No. 44**

If you determine that the plaintiff was no longer able to perform his prior work at the time of the alleged accident, you may not consider his prior earnings as evidence of lost earnings or loss of earning capacity.

Cantara v. M.B.T.A., 3 Mass. App. 81, 89 (1975).

**Request No. 45**

At the time of the accident, the plaintiff had a duty to use his own faculties to guard himself from the possibility of an accident.

Darcy v. Lord & Burnham Co., 320 Mass. 371 (1946).

**Request No. 46**

The defendants have raised the defense of the plaintiff's own comparative negligence. All persons have an obligation to use that degree of care which would be used by reasonable persons under like circumstances to guard against foreseeable risks of harm to them. Accordingly, the plaintiff had a duty to exercise reasonable care for his own safety at the time of the alleged accident. If you find that the plaintiff did not act as a reasonably prudent person at the time of her accident, you must find that he was negligent. If you have determined that both the defendants and the plaintiff were negligent, then you must assess the percentage of negligence of all parties.

M.G.L. Ch. 231, section 85; Gynan v. Hayes, 9 Mass. App. Ct. 721, 722-23 ( 1980 ).

**Request No. 47**

Landowners are relieved of the duty to warn of open and obvious dangers on their premises because it is not reasonably foreseeable that a visitor exercising (as the law presumes) reasonable care for his own safety would suffer injury from such blatant hazards. Stated otherwise, where a danger would be obvious to a person of ordinary perception and judgment, a landowner may reasonably assume that a visitor has knowledge of it and, therefore, 'any further warning would be an empty form' that would not reduce the likelihood of resulting harm. If you find that the alleged condition was open and obvious to a person of ordinary perception and judgment, you must find for the defendants.

See Blackmer v. Toohil, 343 Mass. 269, 271-272 (1961); St. Rock v. Gagnon, 342 Mass. 722, 723-724 (1961).  LeBlanc v. Atlantic Bldg. & Supply Co., 323 Mass. 702, 705 (1949).  See Bavuso v. Caterpillar Indus., Inc., 408 Mass. 694, 699 (1990) (products liability); O'Sullivan v. Shaw, 431 Mass. 201, 204 (2000).

## V.    Defendant's Witnesses

1. Gabriel Estrela – 645 Hailes Hill Road, Swansea, Massachusetts (508-678-5411) fact witness

2. Eduarda Estrela – 645 Hailes Hill Road, Swansea, Massachusetts (508-678-5411) fact witness

3. Carol Pacheo – 1414 Stafford Road, Fall River, Massachusetts (508-678-5411) fact witness

4. John M. Orlowski, P.E.) 11 Vanderbilt Avenue, Suite 120, Norwood, Massachusetts (781-762-8377) (expert witness)  A copy of Mr. Orlowski's curriculum vitae is attached as Exhibit A.

All of the defendants' witnesses will testify in Court.

13

## VI.    Proposed Interrogatories or Special Verdict Form

None.

## VII.    Defendant's Position on Liability

This case involves straight forward issues of Massachusetts common law negligence. It is the defendants' position that they did not owe a duty to warn an adult, such as Mr. Ruszala, not to use an obviously broken wooden pallet as a makeshift ladder. Lyon v. Morphew, 424 Mass. 828, 833 (1997); Toubiana v. Priestly, 402 Mass. 84, 88 (1988); Similarly, the defendants were "not obliged to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate." Id. at 88, 520 N.E.2d 1307, quoting *Gadowski v. Union Oil Co.,* 326 F.2d 524, 525 (1st Cir.1964). "If a risk is of such a nature that it would be obvious to persons of average intelligence, there is, ordinarily, no duty on the part of the property owner to warn of the risk". Young v. Atlantic Richfield Company, 400 Mass. 837, 842 (1987). There is no evidence that the defendants had ever seen or heard of any other person attempting to access the loading dock in a manner similar to what Mr. Ruszala unsuccessfully attempted to do. Under these circumstances, the plaintiff's case fails both with respect to proving the defendants had prior notice that the pallets were being used in the manner which the plaintiff attempted, or that they owed him any duty to warn him not to so use the pallet.

14

Atlantic Lighting, Inc.
and Star Metal Finishing, Inc.
By their attorney,

/s/ Mark S. Roder
Mark S. Roder, BBO # 424270
mroder@travelers.com
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA 02110
Telephone: (617) 772-2800
Facsimile: (617) 772-2828

## CERTIFICATE OF SERVICE

I hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 19, 2007.

/s/ Mark S. Roder
Mark S. Roder (BBO #424270)
mroder@travelers.com