UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                  )
RAYMOND RUSZALA,              )
                                                  )
       Plaintiff,             )
                                                  )
      v.                     ) CIVIL ACTION NO. 05-cv-10418-LTS
                                                  )
ATLANTIC LIGHTING, INC. et al    )
                                                  )
       Defendants.          )
_____)

ORDER ON DEFENDANTS' MOTION TO DISMISS (Docket #41)

October 26, 2007

SOROKIN, MJ

      For the following reasons, the Motion of the remaining Defendants to dismiss the case for lack of prosecution is ALLOWED.

      The Plaintiff has failed to appear, or to otherwise comply with Orders of the Court, on numerous occasions. For example:

      1. On April 2, 2007, the Plaintiff failed to appear for an Independent Medical Examination.

      2. At the conclusion of the May 21, 2007, hearing of Plaintiff's counsel's motion to withdraw, the Court continued the trial date and scheduled a further status conference for June 5, 2007, for the purpose of selecting a new trial date. The Court instructed the Plaintiff orally to attend the June 5th status conference in person or by telephone, whether or not he had retained

counsel in the interim. A copy of the docket was sent to the Plaintiff the following day, via certified mail to an address provided to the Court by the Plaintiff. A return receipt was received by the Court on June 4, 2007, indicating delivery of the mailing to the Plaintiff on May 29, 2007.

3. On June 6, 2007, the Court was unable to conduct the scheduled status conference because of an unrelated emergency. Defendants' counsel had appeared, but the Plaintiff neither appeared or contacted the Court by telephone. Court staff reached the Plaintiff by telephone and the Parties were orally advised of the rescheduled date of June 14, 2007. An electronic order issued confirming that date, and the Plaintiff was also notified of the rescheduled date via certified mail, return receipt requested. That mailing was returned to the Court as unclaimed. The Plaintiff had not notified the Court of any change of address.

4. The Plaintiff did not appear for the June 14, 2007, status conference and the Court was unable to reach him by telephone. The Court denied the Defendants' oral motion to dismiss the case for want of prosecution and rescheduled the trial for October 15, 2007, at 9:00 a.m, with related filing deadlines to be set in a Pretrial Order to follow shortly thereafter. Upon returning to his office, Defendants' counsel contacted the Courtroom Clerk by telephone and indicated that he had a conflict in his trial calendar on October 15, 2007.

5. Accordingly, on June 18, 2007, the Court issued an electronic order setting a final pretrial conference for October 25, 2007, and re-scheduling the jury trial to October 29, 2007. Docket #38. A copy of this Order Setting Case for Trial was mailed to the Plaintiff via certified mail, return receipt requested to the address previously provided to the Court by the Plaintiff. On July 20, 2007, the Court received a return receipt indicating receipt by the Plaintiff on July 6, 2007, of the Order Setting Case for Trial.

6. The Order Setting Case for Trial advised the Parties that "failure to comply fully with

this Order may result in sanctions to be imposed by the Court." Docket #38, at p. 5.

  7. On September 26, 2007, Defendants' counsel filed with the Court correspondence directed to the Plaintiff via certified mail, return receipt requested, in which counsel reminded the Plaintiff of his obligations pursuant to the Order Setting Case for Trial, of which he enclosed an additional copy. Docket #40. This mailing was returned to the Defendants' counsel as unclaimed. Affidavit in Support of Defendants' Motion to Dismiss, Docket #42, at ¶¶ 6-7.

  8. The Plaintiff failed to meet his obligation pursuant to paragraph two of the Order Setting Case for Trial (Docket #38) to disclose to the Defendants by September 28, 2007, the exhibits he intends to offer at trial. Id., at ¶ 8

  9. The Plaintiff failed to meet his obligation pursuant to paragraph three of the Order Setting Case for Trial (Docket #38) to serve upon the Defendants by October 5, 2007, his objections to the exhibits the Defendants had disclosed as intending to offer at trial. Id.

  10. Defendants' counsel affirms that on October 16, 2007, he reached the Plaintiff by telephone and identified himself and stated that he wished to discuss the pre-trial conference. The Plaintiff indicated that he had company and needed to call Defendants' counsel back in fifteen minutes. Id., at ¶ 9. He did not do so. Id., at ¶¶ 10-13.

  11. Defendants' counsel affirms that his subsequent efforts to reach the Plaintiff by telephone in order to discuss with him the Joint Pretrial Memorandum (as required by the Order Setting Case for Trial) have been unsuccessful. These efforts included eight voice mail messages reminding the Plaintiff of his obligations pursuant to the Order Setting Case for Trial. Id.

  12. The Plaintiff failed to meet his obligation pursuant to paragraph four of the Order Setting Case for Trial (Docket #38) to jointly file a Pretrial Memorandum by October 19, 2007.

13. The Plaintiff failed to meet his obligation pursuant to paragraph four of the Order Setting Case for Trial (Docket #38) to file a Trial Brief by October 19, 2007.

14. On October 19, 2007, the Defendants filed a Motion to Dismiss the case for lack of prosecution. Docket #41.

15. On October 25, 2007, the Plaintiff failed to meet his obligation pursuant to paragraph one of the Order Setting Case for Trial (Docket #38) when he neither appeared for a Final Pretrial Conference nor contacted the Court by telephone. This was the <u>second</u> time Plaintiff failed to appear in Court as required.

The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute is well-established and is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629-630 (1962). Fed. R. Civ. P. 41(b) provides in relevant part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

Similarly, Fed. R. Civ. P. 16(f)(1) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(B)(C)(D), if a party or its attorney:(A) fails to appear at a scheduling or other pretrial conference . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). The sanctions available pursuant to Rule 37(b)(2)(C) include "dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

The First Circuit has utilized the same standard to evaluate dismissals for want of prosecution pursuant to either Rule 41(b) or Rule 16(f). Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075 (1st Cir.1990). The sanction of dismissal with prejudice for want of prosecution is a "unique and awesome one, foreclosing forever a plaintiff's opportunity to obtain judicial redress." Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir.2007). Disposition on the merits is favored. Id., citing Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 66-67 (1st Cir.1999) (describing dismissal with prejudice for failure to prosecute as "drastic"). Accordingly, fairness requires that some limits be placed on the use of dismissal with prejudice for want of prosecution. Pomales, 342 F.3d at 48, citing Velazquez-Rivera, 920 F.2d at 1076. "Dismissal with prejudice for failure to prosecute is appropriate in the face of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" Id., citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2369 (2d ed.1995). The First Circuit has expressed heightened concern where (especially in the case of pro se plaintiffs) the district court did not give warnings or otherwise make clear its intentions before dismissing for lack of prosecution. Pomales, 342 F.3d 44 at 49-50. Such a warning, however, is not a prerequisite to a dismissal for lack of prosecution where the circumstances show that the offending party may be presumed to have knowledge of the consequences of his conduct. Link, 370 U.S. at 632.

The Plaintiff received notice of the Order Setting Case for Trial (as evidenced by the return receipt), which delineated his obligations prior to jury empanelment on October 29, 2007, and which warned him that sanctions would be imposed for failure to comply. He has failed to meet each of those obligations, including appearance at the Pretrial Conference, scheduled just

two business days prior to the trial.  Since Plaintiff discharged his counsel he has done nothing to prosecute his case, he has failed to comply with the obligations imposed by the Pretrial Order, and he has failed to appear in Court.

For the foregoing reasons, Defendants' Motion to Dismiss (Docket #41) is ALLOWED, and the case is hereby DISMISSED, with prejudice.  The Clerk is directed to send copies of the this Order to the Plaintiff at the address he has provided to the Court both via certified mail, return receipt requested, and via regular U.S. Mail.

       /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE